Ronald Wayne DOMSCH, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. WD 40787.

Missouri Court of Appeals, Western District.

March 28, 1989.

William L. Webster, Atty. Gen., Cynthia Beth Green, Sp. Asst. Atty. Gen., Jefferson City, for appellant.

Kenneth J. Berra, Kansas City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

The Director of Revenue appeals from an order of the trial court reinstating the driving privileges of Ronald Domsch, respondent, which had been revoked pursuant to section 302.535.1, RSMo 1986. Appellant

contends that the trial court erred in finding that the Director did not prove by a preponderance of the evidence that the arresting officer had probable cause to believe that respondent was intoxicated at the time respondent was involved in an automobile accident. The order of the trial court is affirmed.

On November 29, 1987, at approximately 1:15 a.m., at the intersection of Sterling and Truman Road in Independence, Missouri, a pickup truck driven by Mr. Clester Gann was struck from the rear by the respondent. Gann got out of his truck and proceeded to exchange information with the driver of the other vehicle who turned out to be respondent. After taking respondent's name and license number Gann told the respondent that he would get a police report and went across the street to telephone the police. As Gann turned around, respondent left the scene, driving west on Truman Road.

Officer Charles Harris, an eighteen year veteran of the Independence Police Department, was dispatched to the scene of the accident, arriving there at approximately 1:35 a.m. Gann gave Officer Harris a description of the vehicle, the license number of the vehicle and a physical description of Domsch. Officer Harris checked the license number and learned that the vehicle was registered to respondent. The officer then completed his field investigation after which he went back on routine patrol. He was still on patrol when he was advised over his radio that the vehicle he had issued a "pick up" on and its driver were at Perkins Restaurant on Noland Road. At approximately 2:55 a.m., one hour and forty minutes after the initial accident, Officer Harris entered the restaurant and made contact with respondent. The uniformed officer advised respondent that he was investigating a hit and run accident which had occurred at Truman and Sterling. Domsch told the officer that he had exchanged information with the other individual involved but, when questioned, could not recall the other driver's name.

Officer Harris observed that Domsch had eaten a meal and that there were no alcoholic beverages in his presence. He observed a strong odor of alcohol about respondent's breath, that his balance was unsteady, and that he was staggering. Coming to the conclusion that respondent was intoxicated, the officer placed respondent under arrest.

Respondent was taken to the police station where a breath analysis test was administered to him. The results of the test showed that respondent's blood alcohol concentration was .24 percent by weight and in accordance with Missouri's Administrative Procedure for Supension and Revocation of Driving Privileges, sections 302.500 to 302.-540, RSMo 1986, his license was suspended.

An administrative hearing was held and the hearing officer sustained the suspension. Domsch petitioned for review pursuant to section 302.535, RSMo 1986, and a trial de novo was held before the Honorable Alan B. Slayton. The parties entered into a written stipulation which, among other things contained the results of respondent's breath analysis. The only witnesses at trial, appearing for the Director, were Clester Gann and Officer Harris. Respondent did not present any evidence. At the close of the evidence the court took the case under advisement and subsequently entered its order which in part read:

[S]ince Officer Harris' pre-arrest opinions as to the Petitioner's intoxication were based upon observation of the Petitioner's conduct and appearance one hour and forty minutes after the accident, the State did not prove by a preponderance of the evidence that the arresting officer had probable cause to believe that an alcohol related traffic offense had occurred because evidence that the Petitioner was intoxicated when found by the police was not substantial proof as to his condition an hour and forty minutes earlier.

It is from this ruling that the Director appeals.

The standard for review on appeal from a court tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The rule is that the judgment of the trial court must be sustained unless there

is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* Based upon this standard, it is clear that the judgment of the trial court must be affirmed.

Section 302.505.1, RSMo 1986, authorizes the Department of Revenue to, "suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was thirteen-hundredths of one percent or more by weight...."

The burden placed upon the Director is two-fold. It must be established that the arresting officer had probable cause to make the initial arrest and that the chemical analysis showed a BAC of at least .13 percent. *See Stewart v. Director of Revenue,* 702 S.W.2d 472, 475 (Mo. banc 1986). In the instant case, the results of respondent's breath analysis were stipulated to and this stipulation showed that his BAC was indeed greater than .13 percent. This, however, does not end the matter as it is only half of what the state must prove. The other half is, was there probable cause for the officer to make the arrest.

The Director must prove that Officer Harris had probable cause to believe that respondent was operating his vehicle while under the influence at the time of the traffic accident. Because these proceedings are civil in nature and not criminal, the Director's burden is one of proof by the preponderance of the evidence at both the administrative review stage and the trial de novo stage. *Miller v. Director of Revenue,* 719 S.W.2d 787, 789 (Mo. banc 1986). It should also be mentioned that review of the evidence and the reasonable inferences drawn from that evidence is done in the light which is most favorable to the verdict. *Id.*

Probable cause exists where the arresting officer's knowledge of the facts and circumstances suffice to lead a reasonable person to believe that suspect either has committed or is committing an offense. *State v. Riley,* 704 S.W.2d 691, 693 (Mo. App.1986). Probable cause must exist at the time of the arrest. An officer cannot bootstrap and use facts learned after the arrest to show that he had probable cause to effect the arrest. *Howard v. McNeill,* 716 S.W.2d 912, 915 (Mo.App.1986). Thus, the focus of this inquiry is on what knowledge Officer Harris possessed at the time of his arrest of respondent.

Clester Gann testified as to what information he provided Officer Harris. His exact testimony was:

Q. If I understand you correctly, Mr. Gann, the only information you provided to Officer Harris who's seated back there, was that you gave Officer Harris Mr. Domsch's license number, which was HJ3–635; is that correct.

A. Right.

Q. And you gave Officer Harris the identity of the pickup truck, which was a Chevrolet pickup truck?

A. Right.

Q. You didn't tell him anything else; is that correct?

A. Right.

Q. Other than maybe your name and your address and what not?

A. Right.

The testimony above is relatively clear-cut. Gann did not testify that he told Officer Harris that respondent was intoxicated at the time of the accident, although Gann testified at trial that respondent "appeared to be staggering a little bit." Gann further testified that he was not able to form an opinion as to whether respondent was intoxicated.

Thus, at Perkins Restaurant when Officer Harris encountered respondent he knew only that respondent had been in an accident approximately one hour and forty minutes before that time and he was possessed of information about respondent's car and license number. Upon meeting with respondent, the officer formed an opinion as to respondent's condition *at that time,* concluding that respondent was intoxicated. The law does not prohibit eating while intoxicated, instead it prohibits anyone from operating a motor vehicle while in that condition.

Simply put, at the time of respondent's arrest, Officer Harris could not have

known of respondent's condition at the time of the accident. Respondent had the better part of one hour and forty minutes to obtain alcohol notwithstanding the fact that the restaurant where he ate did not serve alcoholic beverages. The issue of access to alcohol has been addressed by this court before. The bizarre circumstances recounted in *State v. Liebhart,* 707 S.W. 2d 427 (Mo.App.1986), leap to mind. The appellant in *Liebhart* was found in his car which had traveled down an embankment in the course of a single-car accident. The ground was snow covered and there were tracks leading from the highway to the vehicle. The evidence did not indicate, "whether appellant had access to intoxicating beverages at the accident site prior to the officer's arrival," *Id.* at 429, nor the time between the accident and the officer's arrival. Thus, appellant's conviction could not be based upon the operation of the vehicle in an intoxicated condition.

Even though the measure of proof in *Liebhart* is beyond a reasonable doubt, *Id.* at 428, in the instant case, the standard is by a preponderance of the evidence. The fact remains that there was no evidence that the respondent was intoxicated at the accident scene some one hour and forty minutes earlier.

The mind boggles in contemplating all of the opportunities respondent had for obtaining alcohol during the intervening hour and forty minutes. He could have been so shaken up that he stopped in a bar or a liquor store or even a grocery store. He could have stopped at a friend's house. He could have carried a flask into the restaurant. Alcohol is all too readily accessible even in the early hours of the morning.

Therefore, as the trial court's determination that the officer lacked probable cause is supported by the evidence and not against the weight of the evidence, the order of the trial court is affirmed.

All concur.