**Wilma Lee PARRISH, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. ED 75805.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 23, 1999.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Larry S. Phillips, Edina, for respondent.

MARY K. HOFF, Judge.

The Director of Revenue (Director) appeals from the judgment reinstating the driving privileges of Wilma Lee Parrish (Driver). We reverse and remand.

Director revoked the driving privileges of Driver pursuant to section 577.041, RSMo Cum.Supp.1997. Driver then filed a petition for review with the circuit court. On January 5, 1999, the parties submitted the matter on the record and no hearing was held. Director filed certified records from the Department of Revenue. These records included the notice of revocation, Alcohol Influence Report and Missouri Driver Record of Driver. Driver offered no testimony or evidence.

The records offered by Director were certified by the custodian of records pursuant to section 302.312, RSMo, as exact duplicates of the originals lawfully filed or deposited with the Department of Revenue by the reporting agency. Officer Clair

prepared the Alcohol Influence Report, which indicates that on July 16, 1998, at about 11:50 p.m., he observed Driver driving a 1989 white Ford F–150 and approaching the intersection of First and Reid in Edina. Driver failed to stop at the stop sign and proceeded south on First. Officer Clair pulled behind her and then observed her cross the center line about two feet into the northbound lanes. Clair pulled Driver over. While talking with her, Clair noticed a moderate odor of intoxicating beverage on and about her person. Her eyes were also watery and she swayed while walking.

Clair conducted two field sobriety tests. While performing the walk-and-turn test, Driver stopped while walking to steady herself, did not touch her heel to toe and lost her balance. On the horizontal gaze nystagmus test, Clair noted she had no smooth pursuit in either eye and had distinct nystagmus at maximum deviation in both eyes. In addition, the officer noted the onset before 45 degrees with some white showing in both eyes. Based on her performance on the field sobriety tests, Clair placed her under arrest for driving while intoxicated.

Clair transported Driver to the Knox County Sheriff's office for a breathalyzer test. He advised her of her Miranda warnings. He then advised her of the Missouri Implied Consent Law, informing her that she had been arrested for driving while intoxicated and he was requesting that she submit to a chemical test of her breath. Clair also informed her that if she refused to take the test, her driver's license would be revoked for one year and evidence of her refusal could be used against her in a court of law. At that time, Driver refused to take the breathalyzer test.

After the matter was submitted on the record, the circuit court issued a judgment reinstating the driving privileges of Driver. The court found Director had failed to prove the arresting officer had reasonable grounds to believe Driver was driving a motor vehicle while intoxicated and further failed to prove that she refused to submit to a chemical test. Director appeals.

On appeal, Director contends the trial court erred in reinstating Driver's driving privileges because its decision was against the weight of the evidence. Director argues that it proved a prima facie case supporting the revocation of Driver's driving privileges, while Driver offered no rebuttal evidence. Driver has filed no respondent's brief with this Court. While there is no requirement that a respondent file a brief, Driver's failure leaves us without the benefit of her argument, if any, to support the trial court's decision.

■■■ Our review of the trial court's decision is controlled by *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the decision will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* At a court hearing to review the license revocation, the director has the burden of proof. *McMaster v. Lohman,* 941 S.W.2d 813, 815–16 (Mo.App. 1997).

■■■ In a proceeding under section 577.041, the trial court is to determine (1) whether the person was arrested, (2) whether the arresting officer had reasonable grounds to believe that the person was driving while intoxicated, and (3) whether the person refused to submit to the test. *Harder v. Director of Revenue,* 969 S.W.2d 340, 341 (Mo.App. E.D.1998). "Reasonable grounds" is virtually synonymous with probable cause. *Baptist v. Lohman,* 971 S.W.2d 366, 368 (Mo.App. E.D. 1998). In determining whether there are reasonable grounds, the court must evaluate the situation from the viewpoint of a cautious, trained and prudent police officer at the time of the arrest. *Id.*

■■■ Here, Director satisfied its prima facie burden of proof supporting revocation of Driver's license. First, Director showed the officer had reasonable grounds to arrest Driver for driving while intoxicated. Driver ran a stop sign and drove

erratically, crossing the center line of the road. After pulling her over, the officer noticed a moderate odor of intoxicants about her person. Driver was swaying and her eyes were watery. She had balance problems on the walk-and-turn test.

In addition, Driver scored six points on the horizontal gaze nystagmus test. The standard scoring system on the horizontal gaze nystagmus test gives one point for eye movement indicative of alcohol influence for each of the three tests for each eye. The highest possible score is six points, while a score of four or more points is an indication that a suspect is intoxicated. *See, State v. Hill*, 865 S.W.2d 702, 704 (Mo.App. W.D.1993), *overruled on other grounds by State v. Carson*, 941 S.W.2d 518, 520 (Mo. banc 1997). Driver's score of six points is clearly indicative of intoxication.

Based on the officer's findings, Director showed the arresting officer had reasonable grounds to believe Driver was driving while intoxicated. Driver offered no evidence rebutting nor objected to the admission of the Director's evidence. In addition, the same report showed that Driver refused to submit to the breathalyzer test after being informed of her Miranda warnings and the Missouri Implied Consent Law. Again, Driver offered no evidence to rebut the Director's prima facie showing.

The record does not support the trial court's conclusion that the officer lacked reasonable grounds to arrest Driver for driving while intoxicated or that Driver did not refuse the breathalyzer test. Consequently, the trial court erred in reinstating the driving privileges of Driver. We reverse and remand the cause to the trial court to enter a judgment reinstating the revocation of Driver's driving privileges.

Reversed and remanded.

WILLIAM H. CRANDALL, Jr., P.J. and KENT E. KAROHL, J., concur.