Megan D. STOLLE, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

No. ED 85683.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 20, 2005.

Carl M. Ward, Washington, MO, for Appellant.

Cheryl A. Caponegro Nield, Jefferson City, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

This case involves a one vehicle collision without any bodily injury. The Director of Revenue (hereinafter, "the Director") suspended Megan Stolle's (hereinafter, "Driver") driving privileges pursuant to Sections 302.505 and 302.525 RSMo (2000). After requesting, and receiving, a trial *de novo*, the trial court reinstated Driver's driving privileges because the Director failed to make a prima facie case. The only issue presented in this case is whether the arresting officer had probable cause to believe Driver was driving a motor vehicle in an intoxicated condition. We affirm.

We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Verdoorn v. Director of Revenue*, 119 S.W.3d 543, 545 (Mo. banc 2003); *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment and disregard all evidence and inferences to the contrary. *Covert v. Fisher*, 151 S.W.3d 70, 73 (Mo.App. E.D. 2004). Further, we defer to the trial court's determinations of credibility. *Verdoorn*, 119 S.W.3d at 545. If the trial court erroneously declared or applied the law, its judgment will be afforded no deference on appeal. *Weiland v. Director of Revenue*, 32 S.W.3d 628, 630 (Mo.App. W.D.2000).

In the early morning hours of June 28, 2003, Officer Susan Dwiggins (hereinafter, "Officer") arrived at the scene of a one vehicle accident. She encountered a unoccupied vehicle parked on the street with heavy front end damage. There was no other person at the scene. Officer checked the registration, determined who owned the vehicle, and proceeded to that address. Other relevant facts will be adduced as needed to illuminate the issue on appeal.

The Director raises one point on appeal. The Director claims the trial court's judgment which reinstated Driver's driving privileges misapplies the law, is not supported by substantial evidence, and is against the weight of the evidence. The Director believes she made a prima facie case. We disagree.

Probable cause to arrest exists when an arresting officer's knowledge of particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense. *Hamor v. Director of Revenue, State Of Missouri*, 153 S.W.3d 869, 872 (Mo.App. E.D.2004); *State v. Tokar*, 918 S.W.2d 753, 767 (Mo. banc 1996). We must determine whether the officer had probable cause by viewing the situation as it would have appeared to the prudent, cautious, and trained police officer. *Brown v. Director of Revenue*, 85 S.W.3d 1, 3–4 (Mo. banc 2002).

Officer did not observe Driver driving or the accident. Officer arrived at Driver's home over a half hour after encountering the damaged vehicle. Driver admitted she was driving her mother's car when the accident occurred. Driver told Officer she was talking on her cell phone, attempted to turn, over-corrected, was unable to correct her driving error, and hit a tree. She also told Officer she was angry with the other person on the cell phone.

Additionally, Officer testified she smelled alcohol when speaking with Driver's mother and Driver. Officer believed both women had been drinking, but stated she could not tell if anyone is intoxicated by smelling breath. Driver stated to Officer she had consumed two or three beers. However, Officer did not know whether Driver had consumed any alcoholic beverages prior to the accident nor did she know when the Driver had consumed the alcoholic beverages. Further, there was no explicit or tacit understanding as to when Driver consumed the beer.

Accordingly, Officer administered the horizontal gaze nystagmus test to help her develop probable cause to arrest Driver. Yet, Officer admitted she failed to administer this test properly. She conceded that a properly trained, prudent police officer would not have relied on an improperly administered field sobriety test. Officer did not administer any other field sobriety tests because she believed Driver had an inner ear problem which would render her unable to maintain her balance even if she were sober. Officer then arrested Driver.

While Officer does not need to observe Driver actually driving to establish probable cause, there must be circumstantial evidence which rises to the level of probable cause to believe Driver was driv-

ing while intoxicated in order to arrest her. *Hamor*, 153 S.W.3d at 873. Under the facts and circumstances of this case, there was insufficient circumstantial evidence to establish probable cause. Officer did not know when Driver consumed the alcoholic beverages [1], and the only field sobriety test Driver was given was administered improperly. Point denied.

The judgment of the trial court is affirmed.

GARY M. GAERTNER, SR., P.J., and KENNETH M. ROMINES, J., concur.

---

1. The mere fact that a person has consumed alcoholic beverages at some undetermined point in time cannot give rise to probable cause that the person is intoxicated.