Stacy L. KINDER, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. ED 86529.

Missouri Court of Appeals, Eastern District, Southern Division.

Aug. 15, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl Caponegro Nield, Jefferson City, MO, for appellant.

Jeffrey Philip Dix, Jackson, MO, for respondent.

ROY L. RICHTER, Judge.

The Director of Revenue of the State of Missouri appeals the trial court's Judgment and Order Reinstating Driving Privileges of Stacy Kinder. Kinder's license had been revoked for driving while intoxicated under section 302.505 RSMo [1999]. We reverse.

■ The trial court's judgment states: "The Court, having heard the evidence, finds that the original stop of the Plaintiff was not made with probable cause and that her arrest was not made with probable cause to believe Plaintiff was intoxicated."

To the extent that the trial court's judgment suggests that Kinder's license was reinstated because the initial stop was made without probable cause, the court misapplied the law. The initial stop does not require probable cause to uphold a license suspension action. *Riche v. Director of Revenue*, is the controlling case and states:

Aron [*v. Director of Revenue*, 737 S.W.2d 718 (Mo.1987)] and the cases following it misrepresent section 302.505.1. As set forth above, neither section 302.505.1 nor the constitutional provisions upon which Riche relies require . . . arresting officer's initial stop be based upon probable cause. To the extent that *Aron* and its progeny impose a probable cause requirement on the initial stop and apply the exclusionary rule in section 302.505 proceedings, they are overruled.

As reasoned above, the costs of excluding unlawfully seized evidence in a pro-ceeding pursuant to section 302.505 outweigh the potential benefits of applying the exclusionary rule. Neither the fourth amendment nor the Missouri Constitution requires that the exclusionary rule be applied to proceedings under section 302.505; nor does either obligate this Court to impose the "probable or reasonable cause to stop" requirement proposed by Riche.

987 S.W.2d 331, 336 (Mo. banc 1999).

■ The trial court's judgment is also unsupported by and against the weight of the uncontroverted evidence in this case showing that the officer had reasonable grounds to believe Kinder was driving while intoxicated.

The proceeding is civil . . . and is not a trial of the issue of intoxication. The issue, rather, is whether the officer had reasonable grounds to believe that the arrestee was driving while intoxicated. If reasonable grounds appear, the driver may properly be offered the "breathalyzer" test to determine whether an intoxicating level of alcohol is present.

*Soest v. Director of Revenue*, 62 S.W.3d 619, 621 (Mo.App. E.D.2001). In the case of *Brown v. Director of Revenue*, the Court held:

There was uncontroverted evidence from which Reid [the arresting officer] could determine probable cause to believe Brown was intoxicated. The standard of review applicable to this case does not permit this Court to affirm the judgment by disregarding all uncontroverted evidence that supports the director's determination that all elements for an administrative revocation of driving privileges were proven. The judgment was not supported by substantial evidence and, thus, was a misapplication of the law.

85 S.W.3d 1, 7 (Mo. banc 2002).

The uncontroverted evidence in this case is that Kinder was stopped, had a moder-

ate odor of alcohol, watery and glassy eyes with dilated pupils—all of which are indicators of intoxication. Kinder admitted drinking two beers and was laughing uncontrollably. Kinder exhibited poor balance when walking from her car back to the patrol car. Even ignoring the evidence obtained in the field sobriety tests and the results of the portable breath test unit, these uncontroverted facts gave the arresting officer reasonable grounds to believe Kinder was driving a vehicle while intoxicated. The only controverted facts concern the reason for the initial stop. The officer testified that he stopped Kinder because she turned without signaling; Kinder testified that she always signals her turns.

The judgment of the circuit court is reversed, and the case is remanded with directions to sustain the administrative revocation.

GLENN A. NORTON, C.J., and ROBERT G. DOWD, J., concur.