Harold D. SOUTHARDS, Petitioner–
Respondent,

v.

DIRECTOR OF REVENUE,
Respondent–Appellant.

No. SD 30258.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 26, 2010.

Chris Koster, Attorney General, and Jonathan H. Hale, Special Assistant Attorney General, Jefferson City, MO, for Appellant.

No appearance by Respondent.

GARY W. LYNCH, Judge.

Director of Revenue ("Director") revoked the driving privileges of Harold

Southards ("Southards") for one year after he refused to submit to a chemical test to determine his blood alcohol content, pursuant to section 577.041.[1] Following a postrevocation hearing in the circuit court, the trial judge determined there was not probable cause to arrest Southards because the arresting officer lacked "sufficient indicia of intoxication to determine it was more likely than not [Southards] was intoxicated." Accordingly, the trial court set aside the administrative revocation and ordered the reinstatement of Southards' driving privileges. On appeal, the Director contends the trial court's decision resulted from a misapplication of the law. We agree. We reverse the trial court's judgment and remand with directions to reinstate the Director's one-year revocation of Southards' driving privileges.

### Facts

On February 28, 2009, at 1:30 a.m., Missouri State Highway Trooper Kyle Wilmont ("Trooper Wilmont") was patrolling in Dent County, Missouri, and observed Southards driving a Chevrolet pickup truck without rear license plate lamps. For this reason, Trooper Wilmont activated his emergency equipment and conducted a traffic stop of the vehicle. During the stop, Trooper Wilmont observed that Southards' eyes were glassy and bloodshot, his speech was slurred, there was a "strong odor" of alcohol emanating from his person, and an unopened six-pack of beer was in the passenger side of the truck.

Trooper Wilmont explained the reason for the stop and asked Southards if he had been drinking, to which Southards replied he had consumed one beer. The officer then asked Southards to perform field sobriety tests, but Southards refused. Based on these observations, Trooper Wil-

mont placed Southards under arrest for driving while intoxicated and transported him to the Dent County Jail. Trooper Wilmont testified that at the start of their interaction, Southards was "mouthy" and "disrespectful"—a point that Southards admitted—but this ceased once they arrived at the jail, and Southards apologized. Trooper Wilmont advised Southards of his *Miranda* rights at the time of the arrest.[2] At the jail, Trooper Wilmont read to Southards Missouri's implied consent law and then requested that he take a breath analysis test, but Southards refused to take it.

Director notified Southards that his driving privileges would be revoked for one year because he refused to submit to a blood alcohol test by a law enforcement officer. Southards filed a petition for review pursuant to section 577.041.4.

At the hearing on his petition, Southards' testimony concerning the relevant facts did not contradict Trooper Wilmont's. Furthermore, in its judgment, the trial court made factual findings that included the officer's "clearly articulated" observations of the unopened six-pack of beer in the passenger floorboard of Southards' vehicle, Southards' slurred speech, bloodshot and glassy eyes, alcohol-scented breath, admission of drinking, and refusal to perform field sobriety tests. Nevertheless, the trial court entered judgment in favor of Southards and ordered the Director to remove the revocation, holding that Trooper Wilmont lacked probable cause to arrest Southards for driving while intoxicated. The trial court reached this conclusion because, according to its judgment, while Trooper Wilmont's observations were sufficient to give him "reasonable suspicion" that Southards was intoxicated, they were insufficient to prove that the probability of

---

**1.** All references to section 577.041 are to RSMo Cum.Supp.2005.

**2.** *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

his intoxication was "more likely than not." The Director now appeals.

### Standard of Review

■ We will affirm the trial court's judgment unless there is no substantial evidence to support the decision, the decision is against the weight of the evidence, or the court has erroneously declared or applied the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). If the evidence is uncontested or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment. *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002); *see also City of St. Joseph v. Vill. of Country Club*, 163 S.W.3d 905, 907 (Mo. banc 2005) (questions of law are reviewed *de novo* ). Evidence is uncontested when a party "has admitted in its pleadings, by counsel, or through the [party's] individual testimony the basic facts of the [other party's] case." *White v. Dir. of Revenue*, 321 S.W.3d 298, 308 (Mo. banc 2010). Here, the relevant historical facts underlying the question of probable cause are uncontested. Thus, our review is *de novo*. *Id.* at 310.

### Discussion

Under Missouri's implied consent law, any person who drives on the public highways is deemed to have consented to a "chemical test" to determine the alcohol or drug content of the individual's blood after being arrested "for any offense arising out of acts which the arresting officer had reasonable grounds to believe were committed while the person was driving a motor vehicle while in an intoxicated or drugged condition." Section 577.020.1, RSMo Cum.Supp.2001. If the individual refuses such a test after being arrested, the officer is required to forward a sworn report to the Director that includes a statement that the officer had reasonable grounds to believe that the individual was

driving while intoxicated and that he refused a chemical test. Section 577.041.2. Upon receiving the report, the Director is required to revoke the individual's driving privileges for one year. Section 577.041.3; *see Hager v. Dir. of Revenue*, 284 S.W.3d 192, 193 (Mo.App.2009).

■ Upon request, the ₁ individual whose license has been revoked for failure to submit to a chemical test may request a post-revocation hearing in the county where the arrest occurred. Section 577.041.4. The issues are limited to: (1) whether the person was arrested or stopped; (2) whether the officer had "reasonable grounds" to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; and (3) whether the person refused to submit to the test. *Id.; see also Hinnah*, 77 S.W.3d at 620. If the court determines any issue not to be in the affirmative, the court must order the Director to reinstate the individual's driving privileges. Section 577.041.5. The burden of proof, which includes the burden of production and the burden of persuasion, rests on the Director, who must prove each of the three prongs by a preponderance of the evidence. *Hager*, 284 S.W.3d at 194. This requires that the evidence, taken as a whole, is sufficient to show that it is "more likely than not" that each of the requirements for revocation was met. *Id.* at 197.

Neither party disputes that Southards was arrested and then refused to take the chemical test. The only contested issue is whether Trooper Wilmont had "reasonable grounds" to believe Southards was driving while intoxicated.

■ "Reasonable grounds" is virtually synonymous with "probable cause." *Hinnah*, 77 S.W.3d at 620; see also *Rain v. Dir. of Revenue*, 46 S.W.3d 584, 587 (Mo. App.2001). "Probable cause exists when

the facts and circumstances warrant a person of reasonable caution to believe that an offense has been or is being committed, based on the circumstances as they appear to a prudent, cautious and trained police officer." *Walker v. Dir. of Revenue,* 137 S.W.3d 444, 446 (Mo. banc 2004). Whether probable cause exists depends on information in the officer's possession prior to the arrest. *State v. Wiley,* 522 S.W.2d 281, 287 (Mo. banc 1975).

"There is no precise test for determining whether probable cause exists; rather it is based on the particular facts and circumstances of the individual case." *Hinnah,* 77 S.W.3d at 620. Probable cause is a "fluid concept" with no exact definition; it turns on the assessment of probabilities in particular factual contexts. *Rain,* 46 S.W.3d at 588. Although there must be a "fair probability" that a particular offense has been committed, probable cause "does not demand any showing that such a belief be correct or more likely true than false." *State v. Berry,* 801 S.W.2d 64, 66 (Mo. banc 1990) (quoting the United States Supreme Court plurality decision in *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983)). Further, the level of proof necessary to show probable cause is "substantially less than required to prove guilt beyond a reasonable doubt." *York v. Dir. of Revenue,* 186 S.W.3d 267, 270 (Mo. banc 2006).

In this case, Southards' eyes were bloodshot and glassy, his speech was slurred, he emitted a strong smell of alcohol, he admitted he had been drinking, and he declined to take field sobriety tests.[3] The trial court specifically listed these indicia of intoxication in its findings of fact

and did not call into question the credibility of the officer's testimony.

Rather, the trial court found that these indicia, while enough to give Trooper Wilmont reasonable suspicion that Southards was intoxicated, were not sufficient to provide a reasonable officer the belief that it "was more likely than not" that this was so. Unfortunately, "more likely than not" is an inaccurate rendering of the probable cause standard. As we have noted, there is no precise test for probable cause; there simply must be a fair probability—from the perspective of a prudent and cautious law enforcement officer—that a particular offense has been committed based on the totality of the circumstances. Under this analysis, Trooper Wilmont had probable cause to arrest Southards for driving while intoxicated in light of the various indicia of intoxication he observed Southards exhibit.

Prior cases support our view. In *Kinder v. Dir. of Revenue,* the court held that the driver's alcoholic odor, watery and glassy eyes, admission of alcohol consumption, uncontrollable laughter, and poor balance were enough to endow the officer with reasonable grounds to arrest the individual for driving while intoxicated. 198 S.W.3d 202, 203–04 (Mo.App.2006). While Southards did not exhibit laughter or prearrest unsteadiness, he did have slurred speech and refused the field sobriety tests.

In another similar case, facts that supported the officer's proper determination of probable cause included faint odor of intoxicants coming from the driver, watery and bloodshot eyes, slurred speech, refusal to submit to field sobriety tests, and the driver's argumentative and combative attitude. *Edwards v. Dir. of Revenue,* 295 S.W.3d 909, 913 (Mo.App.2009). All of those factors were also present to Trooper

---

**3.** A driver's refusal to submit to field sobriety tests is evidence of intoxication. *Edmisten v.*

*Dir. of Revenue,* 92 S.W.3d 270, 274 (Mo.App. 2002).

Wilmont in this case, thus giving him probable cause to arrest Southards for driving while intoxicated just as the officer had probable cause to arrest the driver in *Edwards*.

 We note that, as described above, the trial court erroneously stated the law on what constitutes probable cause. This claim, however, was not properly preserved in Director's brief on appeal and therefore presents nothing for our review.[4] Erroneous declaration notwithstanding, the trial court misapplied the probable cause standard to the extent it determined that Trooper Wilmont did not have probable cause to arrest Southards. The Director's point is granted.

### Decision

We reverse the trial court's judgment and remand the cause with the direction to enter a judgment affirming the revocation of Southard's driving privileges.

BARNEY, P.J., and BURRELL, J., concur.

---

4. In his point relied on, Director stated that the trial court erred in that it *"erroneously declared* and applied the law," but offered no further mention of or support for the argument that the trial court improperly stated the law (emphasis added). Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review. *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App.1996).