Richard Mark WARREN, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, Respondent–Appellant.

No. SD 32501.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 11, 2013.

---

Chris Koster, Attorney General, and Rachel Jones, Special Assistant Attorney General, Jefferson City, MO, for appellant.

Duane M. Randle and Matthew C. Price, Price & Randle, L.L.C., Osage Beach, MO, for respondent.

GARY W. LYNCH, J.

Director of Revenue ("Director") appeals from the trial court's judgment reinstating the driving privileges of Richard Mark Warren ("Petitioner") after judicial review of revocation based on his refusal to submit to a chemical test pursuant to section 577.041, RSMo Cum.Supp.2010. Director contends that the trial court misapplied the legal standard for reasonable

grounds to believe Petitioner was driving a motor vehicle while in an intoxicated condition and that the revocation of Petitioner's driving privileges should be reinstated. Finding no such misapplication of the law, we affirm the trial court's judgment.

### Factual and Procedural Background

Petitioner was arrested on June 29, 2012, and charged with driving while intoxicated, among other charges. When Petitioner refused to submit to a chemical test of his blood at the time of his arrest, Director revoked his driving privileges pursuant to section 577.041.3. In petitioning for review in the circuit court, Petitioner alleged, among other things, that the arresting officer did not have reasonable grounds to believe Petitioner was driving a motor vehicle while in an intoxicated condition. Petitioner requested a hearing to review the revocation and further requested that the trial court set aside the revocation and reinstate his driving privileges.

At the hearing on the petition, Petitioner conceded that he was placed under arrest and that he refused to submit to the blood test. The only issue before the trial court was whether the arresting officer had reasonable grounds to believe Petitioner was driving a motor vehicle while in an intoxicated condition. Petitioner contested Director's evidence on this issue. *See White v. Dir. of Revenue,* 321 S.W.3d 298, 308 (Mo. banc 2010).

The arresting officer, Missouri State Highway Patrol Trooper Benjamin Blankenbeker, testified to the following sequence of events that occurred on June 29, 2012. He responded to the scene of a one-vehicle accident on Ball Park Road. No one was present at the scene, and during his investigation he determined that the crashed vehicle belonged to Petitioner. While he was investigating the scene, he received a call from dispatch that a subject who had been involved in a crash was requesting an ambulance at a location about five miles from the accident scene. He went to the other location and found Petitioner in respiratory distress and administered medical treatment until the ambulance arrived and took Petitioner to the hospital. He went to the hospital, where he arrested Petitioner for driving while intoxicated.

Following the hearing on the petition, the trial court filed its "Findings of Fact and Conclusions of Law and Order and Judgment of the Court." Therein, the trial court found that the arresting officer possessed the following information before he arrested Petitioner:

a. Petitioner had at some time been involved in an accident (time unknown).

b. Petitioner was injured, with difficulty breathing and talking.

c. Petitioner's breath had the odor of intoxicants.

d. Petitioner had normal, watery, and bloodshot eyes.

e. Petitioner had slurred, confused and mumbling speech.

f. Petitioner said he crashed his vehicle because he was driving too fast.

g. [Petitioner] told the officer that he had been drinking (time and amount unknown).

The trial court determined all issues "in favor of the Petitioner and against the Director." The trial court ordered that Director "remove the suspension from the Petitioner's driving record" and reinstate Petitioner's license "to the extent that he is otherwise eligible."

Director timely appeals, presenting one point relied on, alleging:

The trial court erred as a matter of law in reinstating [Petitioner's] driving privi-

leges on the ground that the officer did not have reasonable grounds to believe [Petitioner] was driving while intoxicated under section 577.041.4, RSMo, because the trial court misapplied the legal standard for reasonable grounds, in that, the court found that the trooper failed to pinpoint the exact time [Petitioner] was driving his vehicle, failed to establish exactly when [Petitioner] was drinking, and failed to rule out all possible non-alcohol related reasons [Petitioner] might appear to be intoxicated.

### Standard of Review and Applicable Legal Principles

The appropriate standard of review in driver's license revocation cases is expressed in *White*, 321 S.W.3d at 307–08. As in any court-tried civil case, appeals of trial court judgments in revocation cases are reviewed under the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976): the judgment will be affirmed unless there is no substantial evidence to support the judgment, the judgment is against the weight of the evidence, or the judgment erroneously declares or applies the law.

■ In *White*, our Supreme Court rejected the presumption of validity of the director's uncontroverted evidence that, absent an explicit finding that the director's evidence was not credible, required the accused to present evidence to rebut that presumption. 321 S.W.3d at 307. Rather, the burden of proof, including the burden of production of evidence, is upon Director.[1] *Id.* In that context, "[w]hen evidence is contested by disputing a fact in any manner, this Court defers to the trial court's determination of credibili-

ty." *Id.* at 308. "A trial court is free to disbelieve any, all, or none of that evidence." *Id.* This Court does not "re-evaluate testimony through its own perspective." *Id.*

Section 577.041.4 provides, in relevant part, that a person whose license has been revoked due to his or her refusal to submit to a chemical test may petition for a hearing in the circuit court, whereupon the trial court "shall determine only: (1) Whether . . . the person was arrested or stopped; (2) Whether . . . the officer had: (a) Reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated or drugged condition; or . . . (3) Whether . . . the person refused to submit to the test." Pursuant to section 577.041.5, the trial court shall order Director to reinstate the driver's license if it determines any issue not to be in the affirmative.

■ "Reasonable grounds . . . must be based on information in the officer's possession at the time of the arrest, not on information acquired after the fact." *Jones v. D.O.R.*, 204 S.W.3d 709, 712 (Mo. App.2006). In the context of section 577.041, this does not mean that the arresting officer must have reasonable grounds to believe a driver was driving while intoxicated before he makes the initial stop; rather, "[i]t is sufficient if, after the stop, the arresting officer observes sufficient indicia of intoxication to reasonably believe the driver was driving a motor vehicle while intoxicated." *Gelsheimer v. D.O.R.*, 845 S.W.2d 107, 108 (Mo.App. 1993). "Reasonable grounds are determined by taking into account the 'practical considerations of everyday life on which

---

1. *White* was a section 302.535 case, however, section 302.535 cases may be cited interchangeably with section 577.041 cases "when discussing the issues related to probable cause, the standard of review, and the deference given to implicit and explicit factual findings." *White*, 321 S.W.3d at 305 n. 6.

reasonable people act, not the hindsight of legal technicians[.]'" *Boyd v. Dir. of Revenue*, 71 S.W.3d 262, 264 (Mo.App.2002). "Circumstantial evidence may be relied upon when an officer does not actually see the driver operating the vehicle." *Id.*

"'Reasonable grounds' is virtually synonymous with 'probable cause.'" *Holloway v. Dir. of Revenue*, 324 S.W.3d 768, 773 n. 5 (Mo.App.2010). The trial court applies an objective standard in its analysis of probable cause. *Id.* at 774. "A probable cause determination is fact dependent." *Brown v. Dir. of Revenue*, 164 S.W.3d 121, 126 (Mo.App.2005). "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *State v. Tokar*, 918 S.W.2d 753, 767 (Mo. banc 1996). "There is no precise test for probable cause; there simply must be a fair probability—from the perspective of a prudent and cautious law enforcement officer—that a particular offense has been committed based on the totality of the circumstances." *Southards v. Dir. of Revenue*, 321 S.W.3d 458, 462 (Mo.App.2010). "While mere suspicion is insufficient, absolute certainty is not required." *Warner v. Mo. Dir. of Revenue*, 240 S.W.3d 745, 749 (Mo.App. 2007).

"The trial court's probable cause determination is reviewed in a two-step analysis: (1) a determination of the historical facts; and (2) the application of the law to those facts." *Holloway*, 324 S.W.3d at 773. Under the first step, probable cause determinations are reviewed under an abuse of discretion standard. *Id.* We must defer to the inferences drawn by the trial court from historical facts, including credibility determinations. *Id.*

"In the second step, the Court must determine, under *de novo* review, if these historical facts satisfy the relevant statutory standard." *Id.* at 774. We will reverse the trial court's judgment only if it is clearly erroneous. *Id.* "[I]f the trial court's ruling is plausible in light of the record viewed in its entirety, this Court "may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently."'" *Id.* (quoting *White*, 321 S.W.3d at 310–11) (quoting *State v. Milliorn*, 794 S.W.2d 181, 183 (Mo. banc 1990)).

## Discussion

In the underlying proceeding, although Petitioner presented no evidence, Petitioner contested Director's evidence that the arresting officer had reasonable grounds to believe that Petitioner was driving while intoxicated via cross-examination by defense counsel. *See White*, 321 S.W.3d at 308. From this contested evidence, the trial court determined, as historical fact, the information the arresting officer possessed at the time of the arrest. That information was that Petitioner at some unknown time crashed his vehicle, because Petitioner claimed he was driving too fast, and was injured, which caused him difficulty breathing and talking; at some unknown length of time after the accident Petitioner's breath had the odor of intoxicants, his eyes were normal, watery, and bloodshot, and his speech was slurred, confused, and mumbling; and Petitioner told the officer that at some unknown time he had been drinking some unknown amount.

Based upon these historical facts, the trial court concluded that the arresting officer did not have "probable cause to believe Petitioner was driving *while* he was intoxicated." In other words, Director failed to carry his burden of proving this issue with the trial court.

In reaching this conclusion, the trial court relied upon *Stolle v. Dir. of Revenue,* 179 S.W.3d 470 (Mo.App.2005). There, no one was present at the accident scene when the arresting officer arrived. *Id.* at 471. After checking the crashed vehicle's registration and determining the owner, the officer proceeded to that address. *Id.* The arresting officer did not observe the defendant driving or the accident. *Id.* at 472. The officer arrived at the defendant's home more than half an hour after encountering the damaged vehicle. *Id.* The defendant admitted driving and said she was on her cell phone and attempted to turn, overcorrected, and hit a tree. *Id.* The officer smelled alcohol when speaking with the defendant. *Id.* The defendant said she had consumed two or three beers. *Id.* "However, Officer did not know whether [the defendant] had consumed any alcoholic beverages prior to the accident nor did she know when the [defendant] had consumed the alcoholic beverages. Further, there was no explicit or tacit understanding as to when [the defendant] consumed the beer." *Id.* The trial court further found that the horizontal gaze nystagmus test was administered improperly and no other field sobriety tests were administered. In affirming the trial court's determination that the arresting officer did not have probable cause to believe the defendant was driving a motor vehicle in an intoxicated condition, the eastern district of our Court noted, "The mere fact that a person has consumed alcoholic beverages at some undetermined point in time cannot give rise to probable cause that the person is intoxicated." *Id.* at 472 n. 1.

*Domsch v. Dir. of Revenue,* 767 S.W.2d 121 (Mo.App.1989), is also instructive. Domsch rear-ended another vehicle, exchanged identifying information with the other driver, and then left the accident scene. *Id.* When the arresting officer arrived at the scene, the other driver provided him with a description of Domsch's vehicle and its license number. *Id.* at 123. An hour and forty minutes after the accident occurred, the arresting officer located Domsch at a restaurant. *Id.* at 121. After observing that Domsch could not remember the name of the other driver in the accident, that Domsch had eaten a meal, that there were no alcoholic beverages in his presence, that Domsch had a strong odor of alcohol about his breath and was unsteady on his feet and was staggering, the officer arrested him. *Id.* The western district of our Court affirmed the trial court's determination that the director had failed to carry his burden of proving that the arresting officer "had probable cause to believe that an alcohol related traffic offense had occurred because evidence that the Petitioner was intoxicated when found by the police was not substantial proof as to his condition an hour and forty minutes earlier." *Id.* at 122, 124.

Director, nevertheless, claims the trial court misapplied the law, in that the facts as found by the trial court establish "reasonable grounds to believe [Petitioner] was driving while intoxicated" as a matter of law regardless of Director's failure to prove "the exact time [Petitioner] was driving his vehicle," failure to prove "exactly when [Petitioner] was drinking, and fail[ure] to rule out all possible non-alcohol related reasons [Petitioner] might appear to be intoxicated."

In support of his claim, Director first cites us to *Southards,* 321 S.W.3d 458. *Southards* is unavailing, however, in that the arresting officer's observations of the indicia of intoxication exhibited by Southards occurred during the traffic stop immediately after the officer observed Southards driving his vehicle without rear license plate lamps. *Id.* at 460. There was no factual issue as to the connection between the time when the arresting offi-

cer had reasonable grounds to believe Southard was driving a vehicle and the time when he had reasonable grounds to believe Southard was intoxicated—the reasonable grounds for both beliefs all occurred within a very short time of each other.

Next, throughout his brief Director cites to several cases where our Court has reversed a trial court's finding of no probable cause to support his position that the trial court here erred as a matter of law.[2] In reversing the trial court's finding of no probable cause in each case, however, our Court relied upon the presumption of validity of the Director's uncontroverted evidence, which was rejected in *White*, 321 S.W.3d at 307. *West v. Dir. of Revenue*, 297 S.W.3d 648, 652 (Mo.App.2009); *Ethetton v. Dir. of Revenue*, 182 S.W.3d 260, 263 (Mo.App.2006); *Swanberg v. Dir. of Revenue*, 122 S.W.3d 87, 90 (Mo.App.2003); *Kinsman v. Dir. of Revenue*, 58 S.W.3d 27, 32 (Mo.App.2001) (overruled by *Hinnah v. Dir. of Revenue*, 77 S.W.3d 616 (Mo. banc 2002)); *Rain v. Dir. of Revenue*, 46 S.W.3d 584, 587 (Mo.App.2001); *Simmons v. Dir. of Revenue*, 3 S.W.3d 897, 902 (Mo.App. 1999); *Cain v. Dir. of Revenue*, 896 S.W.2d 724, 726–27 (Mo.App.1995). As our Supreme Court noted in *White*, "the director cites to numerous cases in which the trial court found that an arresting officer, under similar circumstances, had probable cause. This argument relies on the now-rejected presumption of validity of the director's evidence and does not take into account the trial court's ability to disbelieve the director's contested evidence."

*White*, 321 S.W.3d at 312. In that context, Director's cases, cited here, provide no support for Director's point.

Finally, Director argues, "The circumstantial evidence pointed to the fact that the officer had reasonable grounds to believe the driver was driving while intoxicated." In his reply brief, Director further argues, in an attempt to distinguish *Domsch* and *Stolle*, that *Stolle's* reference to circumstantial evidence means that "the relevant inquiry is the strength of the circumstantial evidence contributing to the officer's probable cause determination." This argument is misguided and can never support a claimed misapplication of law.

■■■ "Direct evidence is evidence, that, if believed, proves the existence of the fact in issue without inference or presumption." *Nokes v. HMS Host USA, LLC*, 353 S.W.3d 6, 12 n. 9 (Mo.App.2011) (internal citations and quotation marks omitted). "Circumstantial evidence is evidence that does not directly prove the fact in issue but gives rise to a logical *inference* that the fact exists." *Id.* (Emphasis added). In other words, Director's reference to circumstantial evidence is nothing more than a reference to the inferences that could be drawn from the direct evidence. In the context of appellate review of a probable-cause determination, however, an appellate court "gives deference to the inferences the trial court made from the historical facts, including the trial court's credibility determinations." *White*, 321 S.W.3d at 310. It is not within an appel-

---

2. Neither *Howard v. McNeill*, 716 S.W.2d 912, 915 (Mo.App.1986), nor *Coffin v. Dir. of Revenue*, 277 S.W.3d 865 (Mo.App.2009), also cited by Director, offer any support for Director's position. *Howard* reversed the trial court's finding of no probable cause because, in making that determination, the trial court relied on facts not known to the arresting officer at the time of arrest. *Howard*, 716 S.W.2d at 915. *Coffin* affirmed the trial court's finding of probable cause based upon the inferences drawn from the direct evidence favorable to that finding. *Coffin*, 277 S.W.3d at 869; *see White*, 321 S.W.3d at 310 (in reviewing a probable-cause determination, an appellate court "gives deference to the inferences the trial court made from the historical facts.").

late court's purview to weigh the relative strengths and weaknesses of the various inferences that may be drawn from the direct evidence. That is a function best left with the trier-of-fact. "Appellate courts defer to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *Id.* at 308–09 (internal quotation marks omitted).

Viewed in this light, it is clear that the trial court drew all inferences in a manner favorable to its determination of no probable cause. We cannot rely upon any contrary inferences on appeal, as urged and argued by Director. *White*, 321 S.W.3d at 310.

Based upon *Stolle* and *Domsch, supra,* we cannot say as a matter of law that the trial court clearly erred in finding that the arresting officer did not have reasonable grounds to believe Petitioner was driving a motor vehicle while in an intoxicated condition. Director's point is denied.

### Decision

The trial court's judgment is affirmed.

JEFFREY W. BATES, P.J. and DON E. BURRELL, JR., J., concur.