

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | |
|---|---|
| TIMOTHY GALLAGHER, | ) No. ED108485 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| vs. | ) |
| | ) Honorable Virginia W. Lay |
| MISSOURI DEPARTMENT OF REVENUE, | ) |
| | ) |
| Respondent. | ) Filed: July 21, 2020 |

### Introduction

Timothy Gallagher ("Appellant") appeals the trial court's judgment upholding the Director of Revenue's ("Director") revocation of his driving privileges under section 577.041 for refusing to submit to a breath test.[1]  Appellant's sole point on appeal is the trial court erred in sustaining the revocation because there was insufficient evidence to support a finding of probable cause to believe Appellant drove while intoxicated.  He contends the Director failed to present evidence as to Appellant's condition while operating a motor vehicle at the time of the accident.  He argues the arresting officer, Officer Robert Berry, did not witness Appellant driving, the accident itself, or Appellant's condition.

---

[1] All statutory references are to RSMo (2019), unless otherwise indicated.

We find the trial court did not err in finding Officer Berry had probable cause to believe Appellant was driving while intoxicated. The Director presented ample evidence to meet her burden. Accordingly, we affirm.

## Factual and Procedural Background[2]

Just before midnight on February 23, 2019, Officer Berry responded to a vehicle crash on Breezeview Drive in Ballwin, Missouri. On arrival, Officer Berry observed a vehicle consumed in flames, a broken mailbox, and two damaged vehicles in a driveway on Breezeview Drive. Officer Berry spoke with two residents of the house, Appellant's parents. Appellant's father stated Appellant was driving and crashed, sustaining an injury to his head. Appellant's parents stated Appellant was inside. Officer Berry continually asked to speak with Appellant, but Appellant's parents refused. Officer Berry asked Appellant's parents if Appellant had been drinking. Appellant's father remained silent, but Appellant's mother nodded her head in an up and down motion. Moments later, Officer Berry overheard Appellant's father tell a neighbor Appellant was driving on Amber Jack Road, the adjacent road to Breezeview, before crashing into the driveway. Officer Berry's supervisor then spoke with Appellant's parents. Approximately 15 minutes after Officer Berry's arrival, Appellant's parents allowed him to speak with Appellant.

Officer Berry noted scratches and a cut on Appellant's face. Officer Berry noted Appellant's eyes were watery, glassy, and slightly bloodshot. Officer Berry also smelled a moderate odor of alcohol emitting from Appellant's breath. Officer Berry escorted Appellant to an ambulance noticing Appellant was unsteady on his feet. Appellant then refused further medical attention. Appellant was transferred to the police department. Officer Berry continued

---

[2] When the trial court does not issue specific findings of fact, the fact issues "shall be considered as having been found in accordance with the result reached." Mo. R. Civ. P. 73.01(c).

to smell alcohol emitting from Appellant's breath at the station and noted Appellant slurring his speech. Appellant consented to the Standard Field Sobriety Test. The results of the Horizontal Gaze Nystagmus ("HGN") test revealed Appellant's eyes tracked equally and pupils were of equal size. However, Appellant had no smooth pursuit in both eyes, distinct and sustained nystagmus was observed at maximum deviation in both eyes, and nystagmus was detected in the left eye prior to 46 degrees. During the Walk and Turn ("WAT") test, Appellant did not touch heel to toe on multiple steps, used his arms for balance, and took the incorrect number of steps. During the One Leg Stand ("OLS") test, Appellant put his foot down twice. The first attempt ended in approximately eight seconds and his second attempt ended in approximately 15 seconds.

Officer Berry advised Appellant of Missouri's Implied Consent and requested a breath sample. Appellant refused the breath test. Officer Berry read Appellant his Miranda Rights, placing him under arrest. Officer Berry asked if Appellant was operating the vehicle at the time of the crash. Appellant stated, "I guess so." Appellant also stated he had not been drinking and was not presently under the influence.

Under section 577.041, Appellant's license was revoked for one year. Per section 302.574, Appellant filed a petition for review in the St. Louis County Circuit Court. The trial court found for the Director. Appellant appeals. Appellant contends the trial court erred in affirming his license revocation because there was insufficient evidence to support a finding of probable cause to believe Appellant drove while intoxicated.

**Standard of Review**

A trial court's judgment upholding an administrative revocation of driving privileges is reviewed under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *White v.*

*Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010). The trial court's judgment will be affirmed if there is substantial evidence to support it, it is not against the weight of the evidence, and it does not erroneously declare or misapply the law. *Id*. "The evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the trial court's judgment and all contrary evidence and inferences are disregarded." *Boggs v. Dir. of Revenue*, 564 S.W.3d 693, 697 (Mo. App. W.D. 2018).

**Discussion**

Appellant's sole contention is the trial court erred in its ruling because there was insufficient evidence to support finding the officer had probable cause to believe Appellant drove while intoxicated. Specifically, Appellant references a lack of evidence regarding Appellant's condition while operating a motor vehicle and a lack of evidence establishing the time of the accident.

Under Missouri's implied consent law, "any person who drives on the public highways is deemed to have consented to a chemical test to determine the alcohol or drug content of the person's blood." *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 619 (Mo. banc 2002). A person has the statutory right to refuse such chemical testing. *Id*. However, under section 577.041.2, "his or her license shall be immediately revoked upon refusal to take the test." Such person may request a post-revocation hearing in the circuit court. Mo. Rev. Stat. § 302.574.4 (2019). When reviewing a license revocation under section 577.041, the trial court must only determine whether: (1) the person was arrested; (2) the arresting officer had reasonable grounds to believe the person was driving while intoxicated; and (3) the person refused to submit to the test. Mo. Rev. Stat. § 302.574.4 (2019); *Fick v. Dir. of Revenue*, 240 S.W.3d 688, 690–91 (Mo. banc

2007); *Hinnah*, at 621–22.[3] "The Director has the burden of proving all three elements by a preponderance of the evidence." *Ayler v. Dir. of Revenue*, 439 S.W.3d 250, 254 (Mo. App. W.D. 2014); *See also Jarboe v. Dir. of Revenue*, 434 S.W.3d 96, 99 (Mo. App. E.D. 2014). Here, there is no dispute Appellant was arrested and refused to submit to a breath test.

The issue is whether Officer Berry's testimony and police report support the trial court's finding of reasonable grounds to believe Appellant was driving while intoxicated. "'Reasonable grounds' is virtually synonymous with probable cause." *Hinnah*, 77 S.W.3d at 621. "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Id.* (quoting *State v. Tokar*, 918 S.W.2d 753, 767 (Mo. banc 1996)). Suspicion alone is not enough to establish reasonable grounds, or probable cause, but absolute certainty is not required. *Rain v. Dir. of Revenue*, 46 S.W.3d 584, 588 (Mo. App. E.D. 2001). "Whether there is probable cause to arrest depends on the information in the officers' possession prior to the arrest." *Hinnah*, 77 S.W.3d at 621.

We find the Director presented sufficient evidence that Officer Berry had reasonable grounds to believe Appellant drove while intoxicated. Appellant's mother, when asked if Appellant had been drinking, nodded her head "yes." In addition, the odor of alcohol, slurred speech, lack of balance, and glassy, bloodshot eyes are indicia of intoxication. *Brown v. Dir. of Revenue*, 164 S.W.3d 121, 126 (Mo. App. E.D. 2002); *Rain*, 46 S.W.3d at 588. Officer Berry noted a moderate smell of alcohol emitting from Appellant at first contact, during a medical check, and at the police station. Officer Berry observed Appellant slurring his speech. While

---

[3] Appellant cites to section 302.505.1 which concerns license revocation of any individual "arrested upon probable cause to believe such person was driving a motor vehicle" with a specified prohibited blood alcohol content ("BAC") enumerated by section 302.500. However, the present action concerns a license suspension of an individual who refused BAC testing. Thus, the relevant statutes are section 577.041 and section 302.574.4.

5

Appellant was being escorted to the ambulance, Officer Berry noticed Appellant was unsteady on his feet. Officer Berry also noted Appellant's eyes were watery, glassy and slightly bloodshot.

Appellant also scored five points on the HGN test. "The standard scoring system on the horizontal gaze nystagmus test gives one point for eye movement indicative of alcohol influence for each of the three tests for each eye." *Parrish v. Dir. of Revenue*, 11 S.W.3d 652, 655 (Mo. App. E.D. 1999). "The highest possible score is six points, while a score of four or more points is an indication that a suspect is intoxicated." *Id*. Appellant scored three points on the WAT test. A score of two or more points is an indication the suspect is intoxicated.[4] 42 Mo. Prac., Missouri DUI Handbook § 17:15. This evidence, when viewed in the light most favorable to the trial court's judgment, supports the court's finding Officer Berry had reasonable grounds to believe Appellant was driving while intoxicated.

Appellant argues there could not have been probable cause to arrest him for driving while intoxicated because Officer Berry did not observe Appellant operating his motor vehicle or the accident. Nor did Officer Berry know of Appellant's condition at the time of operating the motor vehicle. Appellant argues there were no witnesses to the accident, nor a witness who testified to his condition immediately after the accident. However, the Director does not need to prove the person was driving or was actually intoxicated while doing so.[5] *Hinnah*, 77 S.W.3d at 621–22. Instead, the officer may rely upon circumstantial evidence to logically infer the person was driving. *Auck v. Dir. of Revenue*, 483 S.W.3d 440, 444 (Mo. App. E.D. 2016). An officer

---

[4] Appellant scored one point on the OLS test for putting his foot down before 30 seconds. A score of two or more points is an indication the suspect is intoxicated. Mo. Prac., Missouri DUI Handbook § 17:21. Thus, we will not use results of Appellant's OLS test as a factor in determining probable cause of intoxication.

[5] Evidence to support a person not driving may be relevant to show the officer was unreasonable to believe the person was driving while intoxicated. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 622 (Mo. banc 2002). "Beyond that, it is irrelevant." *Id*.

6

may also rely on information provided by witnesses to establish probable cause to believe a person was driving in an intoxicated condition. *Hunter*, 75 S.W.3d at 303.

Appellant had scratches and injuries to his face, consistent with being in a crash. The vehicle engulfed in flames in the yard where Appellant was found was registered to Appellant. Appellant's father told Officer Berry Appellant was driving and had an accident. Appellant's father informed Officer Berry Appellant was injured. Officer Berry also heard Appellant's father tell a neighbor Appellant was driving on Amber Jack Road before crashing into their driveway. The physical evidence is consistent with a reasonable belief Appellant was driving erratically. Officer Berry noted a broken mailbox, two damaged parked vehicles in the driveway, and Appellant's car engulfed in flames in the yard.

Appellant also argues the Director failed to establish an estimated time of when the accident occurred; thus, no probable cause could exist to arrest him for driving while intoxicated. Despite Officer Berry's vague testimony regarding the crash time, his Alcohol Inference Report ("AIR"), admitted into evidence with no objection by Appellant, provided an estimated time of the crash at 2359 hours. Since the trial court found for the Director and did not issue a specific finding of fact on this issue, the trial court found Officer Berry's testimony and report to be credible. Under our standard, the time between the accident and Officer Berry's first contact with Appellant is approximately 16 minutes.

Regardless, it is unnecessary for the Director to prove the exact time the accident occurred to determine whether the arresting officer had probable cause to believe the suspect drove while intoxicated. *Trentmann v. Dir. of Revenue*, 541 S.W.3d 39, 42 (Mo. App. E.D. 2018); *Hager v. Dir. of Revenue*, 284 S.W.3d 192, 197–98 (Mo. App. S.D. 2009) (court held it was unnecessary for the Director to prove the exact time the accident occurred because the

7

evidence suggested accident occurred soon before the arresting officer arrived); *Cain v. Dir. of Revenue*, 896 S.W.2d 724, 726 (Mo. App. E.D. 1995) ("Nothing in the statutes or case law requires the Director to prove the time of an accident"). Here, Officer Berry arrived on scene to observe a vehicle consumed in flames in a residential neighborhood with multiple witnesses standing near the accident who identified Appellant as the driver. Thus, it was reasonable for the trial court to believe Officer Berry arrived soon after the accident occurred.

Appellant cites mostly criminal and inapposite cases to support his argument. Appellant's cites to criminal cases do not assist him. In a court tried criminal DWI prosecution, the State must prove the defendant drove while intoxicated beyond a reasonable doubt. *State v. Ollison*, 236 S.W.3d 66, 68 (Mo. App. W.D. 2007). Conversely, in a civil administrative revocation of a motorist's driver's license, the Director must prove the officer had reasonable grounds to believe the defendant drove while intoxicated by a preponderance of the evidence. *Ayler*, 439 S.W.3d at 254. What must be proven, and the burden of proof required are different in a criminal action versus this civil action.

The civil cases Appellant properly cites are factually distinguishable. In *Domsch*, there was a gap of one hour and forty minutes between a vehicle crash and the arresting officer's observation of the suspect's intoxicated condition. *Domsch v. Dir. of Revenue*, 767 S.W.2d 121, 123 (Mo. App. W.D. 1989). Thus, the court found the facts, specifically the large time gap, were insufficient to support a finding of probable cause to believe the suspect drove while intoxicated. *Id*. In *Stolle*, the arresting officer arrived at the suspect's home over a half hour after discovering the suspect's damaged vehicle. *Stolle v. Dir. of Revenue*, 179 S.W.3d 470, 472 (Mo. App. E.D. 2005). The officer smelled alcohol emitting from the suspect and her mother. Moreover, the officer improperly administered the standard field sobriety test. *Id*. Thus, the court held "there

was insufficient circumstantial evidence to establish probable cause" to believe the suspect drove while intoxicated. *Id*. Here, only 15 minutes passed between the crash and Officer Berry's arrival. As discussed above, there is significantly more circumstantial evidence supporting a finding of probable cause to believe Appellant drove while intoxicated.

We hold the trial court had substantial evidence before it to support its finding Officer Berry had probable cause to believe Appellant was driving while intoxicated. The trial court did not err in sustaining the Director's revocation of Appellant's driver's license.

Point denied.

## Conclusion

The judgment of the trial court is affirmed.

_____
Philip M. Hess, Presiding Judge

Kurt S. Odenwald, J. and
Lisa P. Page, J. concur.

9