**John Kent FLAIZ, Respondent,**

v.

**DIRECTOR OF REVENUE FOR the STATE OF MISSOURI, Appellant.**

No. WD 64637.

Missouri Court of Appeals, Western District.

Dec. 20, 2005.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 2006.

Jeffrey S. Eastman, Gladstone, MO, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., Don Willoh, Assistant Attorney General, Jefferson City, MO, for appellant.

Before: HOWARD, P.J., EDWIN H. SMITH, C.J., and NEWTON, J.

EDWIN H. SMITH, Chief Judge.

The Director of Revenue (Director) appeals from the judgment of the Circuit Court of Platte County setting aside the Director's revocation of the driver's license of respondent, John Flaiz, pursuant to § 577.041,[1] for his refusal to submit to a Breathalyzer test, authorized by § 577.020.

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

In her sole point on appeal, the Director claims that the trial court erred in reinstating the respondent's driver's license because she made a *prima facie* case for revocation, in accordance with § 577.041, which was not rebutted by the respondent.

We affirm.

## Facts

At approximately 12:30 a.m. on March 22, 2004, Trooper John W. Dick, Jr., of the Missouri State Highway Patrol, was just finishing up a traffic stop near the 64th Street exit of Interstate 29 in Kansas City, Missouri, when he noticed a black Acura approaching from the south, with one headlight out. Trooper Dick pursued the Acura and eventually stopped it. At the time, it was being driven by the respondent. Trooper Dick's vehicle was equipped with a video camera, which recorded the stop and arrest.

After stopping the respondent's vehicle, Trooper Dick exited his vehicle and approached the driver's side window of the Acura. He explained to the respondent that he had stopped him because of an inoperable headlight. After engaging the respondent in conversation, Trooper Dick noticed that his speech was slurred and that his eyes were bloodshot and watery. He also smelled an odor of alcohol emanating from the respondent's vehicle. Trooper Dick asked the respondent for his driver's license and proof of insurance. The respondent handed him his license and registration. The respondent continued to look for his proof of insurance, but was unable to locate it.

Trooper Dick requested that the respondent have a seat in his patrol vehicle. The respondent complied and sat in the front passenger seat, but did not close the door. Trooper Dick and the respondent continued to converse while sitting in the patrol vehicle. Trooper Dick asked the respon-

dent why he was on the road at this time of night. The respondent explained that he had just driven from St. Louis. Trooper Dick asked him whether he had stopped anywhere along the way, and the respondent said, "No." A few minutes later, the respondent mentioned that he had stopped to eat. When Trooper Dick confronted him with this apparent inconsistency in his story, the respondent stated that "he may have just driven through." Trooper Dick asked him whether he had anything to drink that night, and he said, "No." He then asked him if he would submit to a Breathalyzer test. The respondent refused "because it wasn't fair to him." Trooper Dick then requested him to submit to field sobriety tests, which the respondent refused. At that juncture, Trooper Dick informed him that he would be arrested if he continued to refuse to submit to field sobriety tests. The respondent continued to refuse, and he was arrested for driving while intoxicated, DWI.

Having arrested the respondent for DWI, Trooper Dick transported him to the Platte County Jail where he read him the implied consent advisory and again asked him to submit to a Breathalyzer test, which the respondent refused. The respondent was then given Revenue Form 4323, advising him that his driving privileges were being revoked for a one-year period for a Breathalyzer refusal.

Pursuant to § 577.041.3, the Director revoked the respondent's driver's license for his refusal to submit to the Breathalyzer test requested by Trooper Dick. Pursuant to § 577.041.4, the respondent appealed his revocation to the Circuit Court of Platte County. The appeal was heard by the Honorable Daniel Czamanske on August 19, 2004. At the hearing, the only witness to testify on behalf of the Director was Trooper Dick. Trooper Dick's report was introduced into evidence. The respondent

did not testify nor call any witnesses on his behalf. The only evidence he offered was the Patrol's videotape of the incident, which was admitted without objection and played in open court. At the close of the evidence, the trial court took the matter under advisement. On August 23, 2004, the trial court, not finding all of the issues specified in § 577.041 to be in the affirmative, specifically, the issue of probable cause to believe that the respondent was DWI, entered judgment for the respondent, ordering the Director to reinstate his driver's license.

This appeal follows.

## Standard of Review

 We must affirm the judgment of the trial court setting aside the revocation of the respondent's driver's license by the Director, in accordance with § 577.041, unless we find that there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hinnah v. Dir. of Revenue,* 77 S.W.3d 616, 620 (Mo. banc 2002). We will set aside a judgment on the basis that it is against the weight of the evidence only when there is a firm belief that the judgment is wrong. *Wilson v. Dir. of Revenue,* 35 S.W.3d 923, 926 (Mo.App.2001).

 When the Director's "evidence is uncontroverted or admitted so that the real issue is a legal one as to the legal effect of the evidence, then there is no need to defer to the trial court's judgment." *Hinnah,* 77 S.W.3d at 620. We cannot disregard the Director's uncontroverted evidence and presume that the trial judge found a lack of credibility in order to affirm the judgment. *Hockman v. Dir. of Revenue,* 103 S.W.3d 382, 386 (Mo.App. 2003).

But, where evidence is presented which, if believed, would support a finding in favor of one party, but contrary or inconsistent evidence is also presented, then it is up to the judge to resolve the factual issues, including determining the credibility of witnesses. So long as its determination is supported by substantial evidence, we will affirm, regardless whether we would have reached the same result.

*Hampton v. Dir. of Revenue,* 22 S.W.3d 217, 220 (Mo.App.2000).

In assessing if there is substantial evidence, we must defer to the trial court on factual issues and cannot substitute our judgment for that of the trial judge. Such deference is not limited to the issue of credibility of witnesses, but also to the conclusions of the trial court. Appellate courts view the evidence in the light most favorable to the trial court's judgment, and we deem all facts to have been found in accordance with the result reached by the trial court. A trial court is accorded wide discretion even if there is evidence that would support a different result. In a driver's license revocation case, a trial court has the prerogative when weighing witness credibility, to accept or reject all, part, or none of the testimony of any witness.

*Long v. Dir. of Revenue,* 65 S.W.3d 545, 548 (Mo.App.2001) (internal citations omitted).

### I.

In her sole point on appeal, the Director claims that the trial court erred in reinstating the respondent's driver's license because she made a *prima facie* case for revocation, in accordance with § 577.041, which was not rebutted by the respondent. Specifically, she claims that the trial court's reinstatement of the respondent's driver's license was not supported by substantial evidence and was against the weight of the evidence in that the respon-

dent did not present any evidence controverting the evidence, on which her *prima facie* case for revocation was based.

Section 577.041.3 mandates that the Director revoke, for one year, the driver's license of a person under arrest for DWI for refusing, when requested by the arresting officer, to submit to a chemical test, authorized by § 577.020. Pursuant to § 577.041.4, "[i]f a person's license has been revoked because of the person's refusal to submit to a chemical test, [as authorized by § 577.020], such person may petition for a hearing before a circuit or associate circuit court in the county in which the arrest or stop occurred."

In order to make a *prima facie* case for upholding a § 577.041 revocation for a refusal in a DWI case, the Director is required to show that: (1) the driver was arrested; (2) the arresting officer had reasonable grounds to believe the driver was DWI; and (3) the driver refused to submit to an authorized chemical test as requested. § 577.041.4; *Hinnah*, 77 S.W.3d at 620. If the court determines any of the three elements of the Director's case for revocation not to be in the affirmative, it shall order the Director to reinstate the driver's license. § 577.041.5; *Hinnah*, 77 S.W.3d at 620. "The director, thus, has the burden of proof at the hearing." *Hinnah*, 77 S.W.3d at 620.

■ While the respondent did not contest at the § 577.041 hearing that he was arrested and refused to submit to the Breathalyzer test, as requested by the arresting officer, Trooper Dick, he did contest the fact that Trooper Dick had reasonable grounds to believe he was DWI. On appeal, the respondent does not contest the fact that the Director made a *prima facie* case for revocation. However, he contends that the evidence was sufficient for the trial court to find that the Director's *prima facie* case was rebutted;

specifically, that the evidence was sufficient for the trial court to find that Trooper Dick did not have reasonable grounds to believe the appellant was DWI. The Director claims that such a finding was not supported by substantial evidence and was against the weight of the evidence in that the respondent failed to controvert the evidence on which the Director's *prima facie* case was based.

■ "Reasonable grounds to arrest a driver for DWI to support a revocation for refusal is virtually synonymous with probable cause to arrest a driver." *Roberts v. Wilson*, 97 S.W.3d 487, 492 (Mo.App.2002); *see also Hinnah*, 77 S.W.3d at 620. "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Hinnah*, 77 S.W.3d at 621. In determining whether there were reasonable grounds to arrest a driver for DWI, the trial court must evaluate the situation from the viewpoint of a cautious, trained, and prudent police officer at the time of the arrest. *Roberts*, 97 S.W.3d at 492. There is no precise test for determining whether reasonable grounds existed; rather, it is based on the particular facts and circumstances of the individual case. *Hinnah*, 77 S.W.3d at 621. "[W]hat is at issue in a refusal case is whether the officer had reasonable grounds to believe [d]river was intoxicated, not whether [he] was actually intoxicated." *McCarthy v. Dir. of Revenue*, 120 S.W.3d 760, 763 (Mo.App.2003).

Here, at the § 577.041.4 hearing, the Director, in making a case for revocation of the respondent's license for a refusal, relied solely on the testimony of Trooper Dick. In that regard, he testified, concerning the issue of probable cause to arrest the respondent for DWI, that there was a strong odor of alcohol emanating from

both the respondent's vehicle and his person. The odor of alcohol is one of the classic indicia of intoxication. *Saladino v. Dir. of Revenue*, 88 S.W.3d 64, 71 (Mo. App.2002). Trooper Dick also testified that the respondent's eyes were "watery" and "bloodshot," and his speech was slurred, which are sufficient indicators of intoxication and provide reasonable grounds for the officer to believe that the driver was DWI. *Norris v. Dir. of Revenue*, 156 S.W.3d 786, 788 (Mo.App.2005). He testified that when he asked the respondent for his driver's license and proof of insurance, he gave him his driver's license and registration. It is well settled that the failure to follow instructions can be a factor in establishing a reasonable belief that a driver is intoxicated. *Roberts*, 97 S.W.3d at 493. Trooper Dick testified, further, that the respondent made inconsistent statements regarding whether he had stopped on his way back from St. Louis. In addition, Trooper Dick observed that when the respondent entered the trooper's vehicle, he did not close the door. Trooper Dick testified that in his experience, when a person does this, it usually means he is under the influence of alcohol. Finally, the respondent refused to submit to any field sobriety tests, which can also be used as evidence for a reasonable belief of intoxication. *Edmisten v. Dir. of Revenue*, 92 S.W.3d 270, 274 (Mo.App.2002). Thus, the testimony of Trooper Dick was sufficient to make a *prima facie* case for revocation for a refusal with respect to the issue of whether Trooper Dick had reasonable grounds to believe that the respondent was DWI.

█ The respondent did not testify or call any witnesses at the hearing. Rather, the only evidence he offered was the Highway Patrol's videotape of his stop and arrest, shot from Trooper Dick's patrol vehicle. The videotape was offered and admitted without objection, and was played in open court. The videotape shows first the respondent pulling his vehicle to the side of the road, after being stopped by Trooper Dick for having an "inoperable headlight." It shows next Trooper Dick leaving his vehicle and approaching the driver's side window of the respondent's vehicle. Trooper Dick can be heard asking the respondent several questions; however, for the most part, the respondent's answers to those questions are inaudible. The tape shows the respondent exiting his vehicle and walking back to Trooper Dick's vehicle, after being asked to do so. The respondent's face is shown on the tape for a brief moment. Although Trooper Dick and the respondent are not visible on the tape while seated in the trooper's vehicle, due to the position of the camera, the conversation between the two is clearly audible. Trooper Dick questioned the respondent about his job and his itinerary that night. The tape also includes the auditory portion of the respondent's refusal to submit to a Breathalyzer test, as requested by Trooper Dick, and being placed under arrest for DWI. The respondent contends that the videotape clearly demonstrates that he was not intoxicated, and, therefore, constituted substantial evidence that controverted the Director's evidence of probable cause for Trooper Dick to arrest the respondent for DWI and was sufficient for the trial court to find that he did not have such probable cause in support of its judgment ordering his operator's license reinstated.

As we note in our standard of review, *supra*, if the Director's evidence is uncontroverted, such that the "real issue is a legal one as to the legal effect of the evidence," then we do not defer to the trial court's judgment. *Hinnah*, 77 S.W.3d at 620. We cannot disregard the Director's uncontroverted evidence and presume that the trial judge found a lack of credibility in

order to affirm the judgment. *Hockman*, 103 S.W.3d at 386. From this, the Director contends that the videotape was not sufficient to controvert her evidence supporting a reasonable belief by Trooper Dick that the respondent was DWI, such that the trial court was bound to accept it and affirm the revocation of the respondent's license.

In contending as she does, the Director is arguing, necessarily, that to constitute evidence sufficient to controvert her evidence of Trooper Dick's reasonable belief that the respondent was DWI, sufficient, in turn, to allow the trial court's reinstatement of the respondent's driver's license, the videotape had to expressly controvert the Director's evidence of the underlying facts or "indicia" establishing such a belief, rather than merely controverting the issue of whether Trooper Dick had a reasonable belief that the respondent was DWI. In other words, she is arguing that the videotape was irrelevant to the trial court's determination of whether Trooper Dick had a reasonable belief that the respondent was DWI in that it did not controvert the fact that the respondent refused to submit to requested field sobriety tests; his eyes were bloodshot and watery; his speech was slurred; there was an odor of an alcoholic beverage emanating from his vehicle and person, etc. We disagree.

The Director does not cite any authority for her argument that to controvert her evidence, supporting a probable cause finding for Trooper Dick to arrest the respondent for DWI, so as to require us to defer to the judgment of the trial court, the respondent had to introduce evidence controverting the facts on which she relied to show probable cause to arrest for DWI, and we can find none. In fact, the case law holds otherwise. In *Hinnah*, the Missouri Supreme Court was confronted with the same issue that confronts us here:

whether the evidence was sufficient for the trial court to find, in reinstating the driver's license, in accordance with § 577.041, that the arresting officer did *not* have probable cause to arrest the driver for DWI. 77 S.W.3d at 621.

In *Hinnah*, the Court acknowledged that the Director had introduced evidence, which if believed by the trial court, was sufficient to support a finding of reasonable grounds to believe the driver was DWI. *Id.* In that regard, the Court pointed to the arresting officer's testimony that he found the driver "alone inside a truck with its engine running, parked alongside the interstate, that he had a strong odor of alcohol on his breath, had watery, glassy, bloodshot eyes, had difficulty maintaining his balance, and that he admitted to driving the vehicle, striking a concrete barrier and flattening the tire." *Id.* The Court, however, found that there was evidence in the record that controverted the Director's evidence of probable cause and supported the trial court's finding that the arresting officer lacked probable cause to arrest the driver for DWI, stating:

The trial court had evidence to support a finding of probable cause, but was free as well to draw the conclusion that there was no probable cause. Either conclusion was sustainable under the record, depending upon the trial court's assessment of the credibility of the officer's testimony that Hinnah said he was driving or upon the court's assessment of the evidence of probable cause as to intoxication.

*Id.* at 622. In finding that the record supported the conclusion reached by the trial court, the Court pointed to the admissions of the arresting officer on cross-examination that he did not see the driver in the driver's seat; that he could not determine from the odor of alcohol the "number, recency, quantity or quality of

that alcohol and that he could not determine whether [the driver] was intoxicated from it"; that the [driver's] bloodshot eyes could not lead him to the conclusion that [he] was intoxicated; and, that the driver's balancing himself with the truck door may have been caused by his having just woke up, and the inclement weather and questionable footing. *Id.* at 621. The Court also pointed to the testimony of the driver's two witnesses, who testified that he was not driving. *Id.*

While there was evidence that controverted the Director's evidence that the driver was driving the vehicle, there was no evidence to controvert the fact that there was an odor of alcohol on the driver's breath; that the driver had bloodshot, watery eyes; or that he had to balance himself using the truck door. Rather, the Court, in finding that there was sufficient evidence for the trial court to conclude that the arresting officer did not have probable cause to arrest the respondent for DWI, relied on competing inferences from the same evidence relied upon by the Director to show probable cause to arrest for DWI. This approach was soundly condemned by then Chief Justice Limbaugh in his dissent, arguing that: "The points made on cross-examination are in the nature of mere inconsistencies that do not effectively rebut what the majority agrees is *prima facie* proof of reasonable grounds to believe that Hinnah was intoxicated." *Id.* at 623. With respect to these "points," he went on to say:

> [T]he points made were 1) that the officer could not determine the 'number, recency, quantity or quality' of the alcohol he smelled on Hinnah's breath, 2) that he could not determine solely from the odor of alcohol whether Hinnah was intoxicated, 3) that he could not determine solely from Hinnah's bloodshot eyes whether Hinnah was intoxicated, 4) that Hinnah did not have slurred speech, and 5) that Hinnah's instability in exiting the pick-up might have been due to the fact that he had just awakened and needed time to balance himself. *None of these points controverts the evidence that Hinnah had alcohol on his breath and that his eyes were watery, glassy and bloodshot.* Although the officer conceded that neither the smell of alcohol nor the appearance of Hinnah's eyes was alone sufficient to determine that Hinnah was intoxicated, those factors, when combined with the other circumstances surrounding the arrest—that there had been an accident and that Hinnah had fallen asleep with the engine running—were more than enough to establish reasonable grounds that Hinnah was intoxicated.

*Id.* (emphasis added).

It is crystal clear to us that *Hinnah* stands for the proposition that, in order to controvert the Director's case for revocation for a refusal, pursuant to § 577.041, requiring us to defer to the trial court with respect to its conclusions and its resolution of factual issues, including credibility determinations, the driver need only present evidence that is inconsistent with a reasonable belief of the arresting officer that the driver was DWI. There does not have to be evidence controverting each and every indicia of intoxication on which the Director has introduced evidence in support of a finding of probable cause. That being the case, the issue then for us becomes whether the videotape of the respondent's stop and arrest constituted evidence that was inconsistent with a reasonable belief of Trooper Dick that the respondent was DWI.

As noted *supra*, the issue in a refusal case is not whether the driver was actually intoxicated, but whether he had reasonable grounds to believe that he was. *McCar-*

*thy,* 120 S.W.3d at 763. Thus, to the extent that the videotape showed that the respondent was not actually impaired or intoxicated, it is largely irrelevant as to the issue we must decide. *Hinnah,* 77 S.W.3d at 621; *Cain v. Dir. of Revenue,* 130 S.W.3d 1, 7 (Mo.App.2004). However, it is relevant in deciding whether the record, here, was sufficient to support the trial court's finding that Trooper Dick did not have reasonable grounds to believe that the respondent was DWI, which would support reinstatement of his license. *Cain,* 130 S.W.3d at 7.

The videotape shows that the respondent was able to walk quickly and steadily to the Trooper's vehicle. The tape shows that the respondent was able to answer questions from Trooper Dick and carry on a coherent conversation with him. Specifically, the tape shows the respondent coherently answering questions about his whereabouts earlier in the evening, his job selling medical products, and the amount of time he spends on the road because of his job. In addition, through the admission of Trooper Dick, the trial court was informed that the respondent was driving carefully and under the speed limit. All these facts could lead the trial court to believe that Trooper Dick did not have reasonable grounds for believing that the respondent was DWI. Thus, it appears that there was evidence in the record sufficient to controvert the issue of whether Trooper Dick had reasonable grounds to believe that he was DWI.

Since the Director's evidence of probable cause to arrest for DWI was controverted and there was no request for findings of fact and conclusions of law, in accordance with Rule 73.01(c);[2] and none were made, we must consider all the relevant factual issues to have been found by the trial court in accordance with the result reached. Rule 73.01(c); *Hinnah,* 77 S.W.3d at 621. "Accordingly, we view the evidence and all reasonable inferences drawn therefrom in the light most favorable to the prevailing party[, the respondent,] and must give due regard to the trial court's credibility determinations." *Williams v. Williams,* 99 S.W.3d 552, 556 (Mo.App.2003) (citations omitted).

Viewing the evidence in a light most favorable to the respondent and considering the facts to have been found by the trial court in accordance with its judgment, we conclude that the trial court could have reasonably determined, from the videotape, that the respondent was not slurring his words. Likewise, we can conclude that the trial court did not interpret the failure of the respondent to give the trooper proof of insurance, as requested, rather than his registration, as being indicative of DWI in that the tape has him apologizing for not having his insurance card with him. In other words, it was not a matter of failing to follow instructions, but simply a matter of not having the requested document. Further, we can infer that the trial court found that the respondent's bloodshot, watery eyes were not caused from intoxication, but being tired, having driven all night. As to the apparent inconsistent statements of the respondent concerning whether he stopped during his trip to eat, the trial court may have interpreted that as simply a slip of the tongue. These findings, coupled with what the trial court learned from the videotape, were sufficient for it to find that the trooper did not have reasonable grounds to believe the respondent was DWI.

2. All rule references are to the Missouri Rules of Civil Procedure, 2005, unless otherwise indicated.

Based on the foregoing analysis, it is clear that the trial court had evidence to support a finding that the trooper had reasonable grounds to believe that the respondent was DWI or a contrary finding, which was sufficient to rebut the Director's *prima facie* case for revocation of the respondent's driver's license for a Breathalyzer refusal. Because the trial court was free to find either way based on the record, depending on the trial court's assessment of the credibility of Trooper Dick's testimony, we cannot find that the trial court's judgment was not supported by substantial evidence or was against the weight of the evidence.

## Conclusion

The judgment of the trial court, setting aside the Director's revocation of the respondent's driver's license and ordering its reinstatement, is affirmed.

HOWARD, P.J., and NEWTON, J., concur.