

# Missouri Court of Appeals

## Southern District

### Division One

THOMAS JEROME BECHTOLD, )
)
        Respondent, )
)
  vs. )   No. SD33219
)
ROXANNE BECHTOLD, )   FILED: November 18, 2014
)
        Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF PULASKI COUNTY

Honorable David G. Warren, Judge

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

The trial court dissolved the Bechtolds' marriage, divided their assets and debts, entered a parenting plan that gave Roxanne[1] most of the parenting time, and awarded child support and maintenance.

Although Roxanne raises six points on appeal, two are not preserved for appellate review. We deny three and grant one of her other points.

---

[1] We use first names for convenience, as both parties did in their briefs. Rule references are to Missouri Court Rules (2013), unless otherwise indicated.

**Points II & V**

In each of these points, Roxanne asserts that the judgment omits required findings. Both complaints are waived because neither was raised in a motion to amend the judgment as required by Rule 78.07(c). "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." *Id*. Thus, we need not and do not reach these points. *See, e.g.*, *Jeffus v. Jeffus*, 375 S.W.3d 862, 868-69 (Mo.App. 2012); *Crow v. Crow*, 300 S.W.3d 561, 565-66 (Mo.App. 2009).

**Points III, IV, & VI**

These points challenge the child support award, the maintenance award, and classification of a ring. In each instance, Roxanne conflates all three *Murphy v. Carron*[2] theories of error into a single point even though "each *Murphy* ground is a separate, distinct legal claim" which "is proved differently from the others *and* is subject to different principles and procedures of appellate review." *Smith v. Great American Assur. Co.*, 436 S.W.3d 700, 703-04 & n.3 (Mo.App. 2014); *see also Ayler v. Director of Revenue*, 439 S.W.3d 250, 255-56 (Mo.App. 2014). Such three-way points generally preserve nothing for appellate review and ordinarily are subject to dismissal. *Ayler*, 439 S.W.3d at 255.[3]

---

[2] 536 S.W.2d 30 (Mo. banc 1976). Under *Murphy*, judgment in a court-tried case will be affirmed on appeal unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32 (interpreting former Rule 73.01(c), now Rule 84.13(d)).

[3] Points II and V also suffer this defect.

Moreover, Roxanne's assertions of "no substantial evidence" and "against the weight of the evidence" skip essential steps, robbing her arguments of any persuasive or analytical value. *Houston v. Crider*, 317 S.W.3d 178, 186-89 (Mo.App. 2010).[4] Rather, she mainly cites her own evidence and argues that the trial court could have ruled each issue more favorably to her, which of itself is no basis for reversal and ignores our standard of review. We presume that all evidence was considered by the trial court and we will not reweigh that evidence, even if doing so could yield a different conclusion. *Stoller v. Stoller*, 330 S.W.3d 814, 818 (Mo.App. 2011).

For all these reasons, Points III, IV, and VI fail.

---

[4] *Houston* recognizes that a "no substantial evidence" challenge involves three steps:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,
>
> (3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

317 S.W.3d at 186-87. By contrast, an "against the weight" challenge involves four steps:

> (1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;
>
> (2) identify all of the favorable evidence in the record supporting the existence of that proposition;
>
> (3) identify the evidence in the record contrary to the belief of that proposition, resolving all conflicts in testimony in accordance with the trial court's credibility determinations, whether explicit or implicit; and,
>
> (4) demonstrate why the favorable evidence, along with the reasonable inferences drawn from that evidence, is so lacking in probative value, when considered in the context of the totality of the evidence, that it fails to induce belief in that proposition.

*Id*. at 187. Roxanne "trip[s] on the second step of each challenge – identification of the evidence in the record favorable to the judgment – and, thus, doom[s her] ability to satisfy the last step of each challenge." *Id*. at 187-88.

**Point I**

The trial court ordered that Roxanne's award of monthly maintenance would automatically and permanently terminate if she cohabits. To quote the judgment, Roxanne's maintenance "shall terminate upon ... [her] cohabitation. [She] shall send written notice to [Thomas], the Court, and copies to all attorneys involved in these proceedings shall she decide to cohabitate. Thereupon, maintenance shall immediately cease permanently ...."

Roxanne claims that this was error. Thomas agrees. They are correct because "the economic implications of cohabitation for the spouse receiving maintenance must be addressed before the maintenance award may be modified, suspended or terminated." *Lombardo v. Lombardo*, 992 S.W.2d 919, 923 (Mo.App. 1999). We grant Point I.

**Conclusion**

We reverse the judgment and remand with directions to remove provisions automatically terminating maintenance upon cohabitation. We affirm the judgment in all other respects.

DANIEL E. SCOTT, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

WILLIAM W. FRANCIS, JR., C.J./P.J. – CONCURS

4